## PENNSYLVANIA CO. v. DONOVAN et al.

(Circuit Court, N. D. Illinois, N. D.   June 6, 1902.)

### No. 26,191.

1. RAILROAD STATION—CAB DRIVERS—SOLICITATION OF BUSINESS—INJUNCTION.
    A railroad company may enjoin persons from entering its station for the purpose of soliciting the custom of incoming passengers for cabs, carriages, express wagons, and hotels.
2. SAME—OCCUPATION OF ADJOINING STREETS AND SIDEWALKS.
    Persons engaged in transferring passengers and baggage to and from a railroad station have a right to occupy the sidewalk and street adjoining the main entrance in so far as necessary for the transaction of their business in the delivery and receipt of passengers and baggage, but they are not entitled to occupy such places for the purpose of soliciting business.
3. SAME—ENJOINING OCCUPATION.
    The railroad company may enjoin the use of the sidewalk and street for the purpose of soliciting business.

Loesch Bros. & Howell, for complainant.
Altgeld, Darrow & Thompson, for defendants.

KOHLSAAT, District Judge.   Complainant files its bill to enjoin defendants from (1) entering its station at Adams and Canal streets, in the city of Chicago, for the purpose of soliciting the custom of incoming passengers for cabs, carriages, express wagons, and hotels, respectively; (2) occupying the sidewalk and street abutting the main entrance of the said station for said purposes; and (3) congregating upon the sidewalk, at the main or other entrances of said station, for said purposes.

I deem it clearly established by the great weight of authority in England and the United States that complainant is entitled to the relief prayed for as to said first contention.

As to the second contention, the complainant is entitled to the use of the street and sidewalk abutting upon its said station property, in common with the public, for certain purposes.   Neither it nor the defendants have the right to a monopoly thereof.   Each of the parties hereto, as well as the public generally, have the right to use the same with reasonable regard to the rights of all others.   The right to the use thereof for the purpose of access to and egress from said station does not belong to, nor may it be appropriated by, any one at the expense of the others.   For certain purposes, complainant's station is charged with a public use.   It invites the public to become its patrons, and therefore whatever right of frontage it has stands charged with the rights of all the public to use the same in such manner as is consistent with the rights of all.   If the Parmelee Transfer Company has any rights superior to those of defendants and the public in this respect, they must arise from public considerations, and not from any contract with complainant.

The bill alleges that:

"All tickets of interstate passengers arriving at and departing from said station known as 'through' tickets have attached thereto a check or coupon for conveyance through the city of Chicago to the station of any connecting

line of railroad designated on such through tickets, and not running into or out of said passenger station; and that your orator and the said other railway corporations hereinbefore named have contracts for the use of a line of omnibuses or conveyances for the performance of the services called for by said coupons or checks, and that said omnibuses or conveyances, so employed by contract, form the only regular connecting line of transportation between your orator's said station and the stations of other railways in the city of Chicago, and many hundreds of passengers are each day received at said station and depart from said station in omnibuses from and to the various other railway stations next hereinafter named, and the hotels of the city of Chicago."

The affidavits support this allegation. The lines of omnibuses referred to are those of the Parmelee Transfer Company. This company has facilities for carrying large numbers of passengers, and undoubtedly is an agent for the protection of the traveling public, making it in many respects an intermediate carrier. However, its rights in the premises are superior to those of defendants only in so far as its service exceeds that of defendants,—a mere question of degree. All of the parties hereto, as well as the general public, have the right to use the street and sidewalk abutting upon complainant's station to just the extent that it may be necessary for the transaction of their respective business with complainant and the other railroad companies using said station in the delivery and receipt of passengers and baggage; subject, always, to the requirement that such use shall be consistent with the rights of the public. In no case could it be insisted that, in a situation such as is described in the bill and affidavits, any one should be permitted to occupy these places for the purpose of soliciting patronage. They belong to the public for ingress and egress to and from the station, and that fact must be the controlling principle upon which such rights are to be determined. Complainant is entitled to the relief sought by its bill in this regard so far as it seeks to restrain defendants from occupying said positions for the purpose of soliciting business. For the other objects before indicated, defendants are just as much entitled to the reasonable and relative use thereof as the complainant or the Parmelee Company. I am aware that difficulties may arise in the application of this rule to the case at bar, and therefore the parties will be given the right to apply to the court from time to time, as occasion may require.

So far as it is sought to restrain defendants from congregating upon the sidewalk abutting complainant's station, and the various entrances thereof, for the purposes set out in the bill, the prayer of the bill is granted. The duty of courts of equity to take cognizance of matters of this nature, under the facts stated in the bill, is too well established to require discussion here.

Counsel may draft an order for a preliminary injunction in accordance herewith.